IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JUL 0 3 2008
JAMES W. McCORMACK, CLERK
By: BK Johnson DEP CLERK

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

v.

WHITE HALL NURSING AND REHABILITATION CENTER

Defendant.

CIVIL ACTION NO 5:08-CV-0185 SWW

COMPLAINT

This case assigned to District Judge Wright
and to Magistrate Judge Jones

**JURY TRIAL DEMAND**

---

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion and to provide appropriate relief to Portia Neal who was adversely affected by such practices. As alleged with greater particularity in paragraphs 8-16 below, Ms. Portia Neal was denied a reasonable accommodation of her sincerely held religious beliefs and terminated because of her religious beliefs in violation of Title VII.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345. This is an action authorized and instituted pursuant to §706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3)("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of Arkansas, Pine Bluff Division.

PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by §706(f)(1) and (3) and §707 of Title VII, 42 U.S.C. §2000-5(f)(1) and (3).

4. At all relevant times, White Hall Nursing and Rehabilitation Center ("Defendant Employer"), has been a limited liability company doing business in the State of Arkansas and the City of Pine Bluff and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Employer has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of §701(b), (g), and (h) of Title VII, 42 U.S.C. §2000e(b), (g), and (h).

STATEMENT OF CLAIMS

6. More than thirty (30) days prior to the institution of this lawsuit, Portia Neal filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. From on or around August of 2007 and continuing, Defendant Employer has engaged in unlawful employment practices at its facility in Pine Bluff, Arkansas, in violation of §703(a) of Title VII, as amended, 42 U.S.C. §2000e-2(a).

8. Defendant Employer denied Portia Neal a reasonable accommodation of her sincerely held religious beliefs and terminated her because of those religious beliefs.

9. Ms. Neal is a Seventh Day Adventist.

10. Ms. Neal has a sincerely held religious belief that she cannot work on her Sabbath, from sundown on Friday to sundown on Saturday.

11. Ms. Neal informed Defendant of her prohibition against working on her Sabbath.

12. Ms. Neal was employed at Defendant's long-term care facility as a certified nursing assistant.

13. Ms. Neal was not scheduled to work from sundown on Fridays to sundown on Saturdays for over one year.

14. On or about August 1, 2007, Ms. Neal discovered she had been placed on the schedule to work on Friday, August 10, 2007. Ms. Neal immediately went and requested to be off as a reasonable accommodation of her religious beliefs.

15. Defendant refused to reasonably accommodate the religious beliefs of Ms. Neal by requiring that she work on her Sabbath.

16. Ms. Neal was denied a reasonable accommodation of her religious beliefs and discharged by Defendant due to her religious beliefs.

17. The effect of the practices complained of in paragraphs 8-16 above has been to deprive Ms. Neal of equal employment opportunities and otherwise adversely affect her status as an employee.

18. The unlawful employment practices complained of in paragraphs 8-16 above were and are intentional.

19. The unlawful employment practices complained of in paragraphs 8-16 above were done with malice or reckless indifference to the federally protected rights of Portia Neal.

PRAYER FOR RELIEF

**WHEREFORE**, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of religion under Title VII of the Civil Rights Act of 1964, as amended.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Portia Neal by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and provide other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay.

D. Order Defendant Employer to make whole Portia Neal by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 8-16 above, including medical and/or counseling expenses, job search expenses, and other appropriate expenses, in amounts to be determined at trial.

E. Order Defendant Employer to make whole Portia Neal by providing compensation for past and future non pecuniary losses resulting from the unlawful practices

complained of in paragraphs 8-16 above, including emotional pain, suffering, embarrassment, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant Employer to pay Portia Neal punitive damages for its malicious and/or reckless conduct described in paragraphs 8-16 above, in an amount to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs in this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

**RONALD S. COOPER**
General Counsel

**JAMES L. LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

Faye Williams by PI

**FAYE WILLIAMS**
Regional Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1407 Union Avenue, Ste. 901
Memphis, TN
Telephone: (901) 544-0088

William A. Cash by PI

**WILLIAM A. CASH, JR.**
Supervisory Trial Attorney
AR #88081

**PAMELA B. DIXON**
Senior Trial Attorney
AR #95085

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
820 Louisiana St., Ste. 200
Little Rock, Arkansas 72201
Telephone: (501) 324-5539
(501) 324-5065